UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Daryl Goodwin,

Plaintiff, Case # 24-CV-6518-FPG

v. DECISION & ORDER

Office of the Public Defender, et al.,

Defendants.

## INTRODUCTION

*Pro se* Plaintiff Daryl Goodwin brings this civil rights action under 42 U.S.C. § 1983 against the Monroe County Public Defender's Office and Thomas Winward (alleged to be an attorney with Public Defender's Office). ECF No. 1 at 2. He alleges that Defendants violated his Sixth, Eighth, and Fourteenth Amendment rights by providing ineffective assistance of counsel in connection with a state criminal matter in 2015. *Id.* at 4. Defendants move to dismiss the action, arguing, *inter alia*, that they cannot be sued under Section 1983. ECF No. 4. Plaintiff did not respond to the motion. Because the Court agrees with Defendants' arguments, their motion to dismiss is GRANTED.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time,

the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

**DISCUSSION**

Plaintiff alleges that Defendants provided him with ineffective assistance of counsel and violated his right to due process. ECF No. 1 at 4-5. Specifically, Plaintiff claims that he was initially denied representation by the Monroe County Public Defender's Office at his arraignment—on the basis that he was financially ineligible—but that eleven days later, Winward was assigned to represent him. *Id.* at 4. In the meantime, and due to the absence of counsel, Plaintiff was unable to obtain an opportunity to testify in front of the grand jury before it indicted him. *See id.* at 19-20. It appears that Plaintiff is in the process of challenging his conviction, *see id.* at 16, and he has filed this action in order to obtain an affidavit from Defendants explaining what occurred. *See id.* at 5. He also requests $10,000 in monetary relief. *Id.*

Defendants contend that Plaintiff cannot bring a Section 1983 action against them. ECF No. 4-2 at 9-10. The Court agrees.

The Court first addresses any claims against Windward. "Section 1983 creates a cause of action only against persons acting under color of state law." *Tapp v. Champagne*, 164 F. App'x 106, 108 (2d Cir. 2006) (summary order). It is well-established that "[a] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* (internal quotation marks omitted). Plaintiff's claims against Windward—*i.e.*, that he provided ineffective advice after his appointment, *see* ECF No. 1 at 19—fall within a lawyer's "traditional functions as counsel" and thus cannot be the subject of a Section 1983 suit. The Section 1983 claims against Windward are dismissed.

As for the Monroe County Public Defender's Office, the issue is not as immediately clear. The Supreme Court has drawn a distinction between a public defender's representative functions, which do not constitute state action under Section 1983, and a public-defender agency's administrative and policy-making functions, which might. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also, e.g.*, *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 612 (6th Cir. 2007) (public-defender agency's policy of "ignoring the issue of indigency in the context of non-payment of fines" could be challenged via Section 1983 action); *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 469-70 (9th Cir. 2003) (public-defender agency's policy of allocating resources based on results of polygraph tests constituted state action for purposes of Section 1983). Thus, if Plaintiff were challenging a wrongful policy that the Monroe County Public Defender's Office employed to screen out otherwise eligible clients and which thereby resulted in the denial of their right to counsel, his claim might require a deeper analysis.

But, as Defendants argue, Plaintiff does not actually allege any such wrongful policy or unconstitutional error on the part of the Monroe County Public Defender's Office. *See* ECF No. 4-2 at 10. As best the Court can tell, it appears that Plaintiff was initially denied representation on the basis that his income "exceeded eligibility guidelines." ECF No. 1 at 18. Taken as true, this would be an appropriate basis to deny Plaintiff appointed counsel. *See Alamia v. Sec., Fla. Dep't of Corrs.*, No. 16-16516, 2017 WL 4857370, at *3 (11th Cir. Mar. 29, 2017) ("The Sixth Amendment, which is applied to the states through the Fourteenth Amendment, provides criminal defendants with a right to counsel" and "includes the right to court-appointed counsel if the defendant is deemed 'too poor to hire a lawyer.'" (quoting *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963)). Plaintiff did not contest his financial ineligibility at his initial arraignment, *see* ECF No. 1 at 9, and he does not include any facts disputing it in his complaint, *see generally* ECF No.

1. Moreover, Plaintiff declined to respond to Defendants' motion to dismiss, which expressly identifies this pleading defect. *See* ECF No. 4-2 at 10. Absent any allegation that would suggest that he is seeking to challenge an administrative or investigative function of the Monroe County Public Defender's Office, Plaintiff has failed to sufficiently allege that it was acting under color of state law for purposes of Section 1983. The claims must be dismissed against the Monroe County Public Defender's Office.

Ordinarily, the Court would provide Plaintiff an opportunity to amend his complaint. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). But given that Plaintiff failed to respond to the motion to dismiss, it is unclear to the Court whether he wishes to continue this action. Therefore, the Court hereby notifies Plaintiff that it intends to dismiss this Section 1983 action with prejudice unless he submits a letter to the Court requesting leave to file an amended complaint.

**CONCLUSION**

For the reasons stated herein, Defendants' motion to dismiss (ECF No. 4) is GRANTED. By March 26, 2025, Plaintiff shall submit a letter to the Court stating whether he wishes to have an opportunity to file an amended complaint. If Plaintiff fails to submit a letter by March 26, 2025, the Court will dismiss this action with prejudice, and the Clerk's Office will be directed to enter judgment in Defendants' favor and close the case.

IT IS SO ORDERED.

Dated: March 13, 2025
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York