UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Daryl Goodwin,

                                                 Plaintiff,        Case # 24-CV-6518-FPG

v.                                                         DECISION & ORDER

Office of the Public Defender, et al.,

                                                Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Daryl Goodwin brought this civil rights action under 42 U.S.C. § 1983 against the Monroe County Public Defender's Office and Thomas Winward (alleged to be an attorney with Public Defender's Office). ECF No. 1 at 2. On March 13, 2025, the Court granted Defendants' motion to dismiss, ECF No. 7, and Plaintiff filed an amended complaint, ECF No. 10. In his amended complaint, Plaintiff only seeks relief against the Monroe County Public Defender's Office [hereinafter "Defendant"]. ECF No. 10 at 1. Defendant now moves to dismiss the amended complaint. ECF No. 14. For the reasons that follow, Defendant's motion is GRANTED.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual

1

allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

## DISCUSSION

Plaintiff's claims arise out of criminal proceedings that occurred in 2015. On December 11, 2015, Plaintiff was arraigned on drug charges. *See* ECF No. 10 at 11. Erin Sanger, an assistant public defender, informed the presiding judge that Plaintiff did not qualify for a public defender—apparently on the basis that Plaintiff had $12,000 from a settlement available to him. *Id.* at 10, 14. Plaintiff claims that this statement was in error, and he attempted to clarify that he had *$1,200* available to him. *See* ECF No. 17 at 12; ECF No. 10 at 4 ("I tried to explain to the Court that a correctable error was made by the Office."). Nevertheless, on the basis of Sanger's assertion of financial ineligibility, the presiding judge refused to assign counsel. *See* ECF No. 10 at 11; ECF No. 17 at 12. On December 16, 2015, Plaintiff learned that he had been indicted, and on December 22, 2015, Plaintiff was assigned an assistant public defender. ECF No. 10 at 4. Plaintiff alleges that Defendant's delay in assigning him counsel prevented him from testifying in front of the grand jury before it voted to indict him. *See id.* at 7. He alleges violations of his Sixth, Eighth, and Fourteenth Amendment rights. *Id.* at 3.

Plaintiff's amended complaint does not rectify the defects that justified dismissal of his original complaint. As the Court previously explained, "Section 1983 creates a cause of action only against persons acting under color of state law," *Tapp v. Champagne*, 164 F. App'x 106, 108 (2d Cir. 2006) (summary order), and it is well-established that "[a] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* (internal quotation marks omitted). As to public-defender agencies, the Supreme Court has drawn a distinction between a public defender's representative functions,

2

which do not constitute state action under Section 1983, and a public-defender agency's administrative and policy-making functions, which might. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also, e.g.*, *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 612 (6th Cir. 2007) (public-defender agency's policy of "ignoring the issue of indigency in the context of non-payment of fines" could be challenged via Section 1983 action); *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 469-70 (9th Cir. 2003) (public-defender agency's policy of allocating resources based on results of polygraph tests constituted state action for purposes of Section 1983). Based on this distinction, the Court theorized that "if Plaintiff were challenging a wrongful policy that the Monroe County Public Defender's Office employed to screen out otherwise eligible clients and which thereby resulted in the denial of their right to counsel, his claim might require a deeper analysis." ECF No. 7 at 3. But the Court did not undertake that deeper analysis, because "Plaintiff does not actually allege any such wrongful policy or unconstitutional error on the part of the Monroe County Public Defender's Office." *Id.*

Plaintiff has now clarified the putative error: one or more of Defendant's employees misunderstood Plaintiff prior to arraignment, believing he had a $12,000 settlement as opposed to a $1,200 settlement. *See* ECF No. 10 at 4; ECF No. 17 at 12. His clarification confirms, however, that Plaintiff cannot state a viable Section 1983 claim, as he has failed to allege an unconstitutional policy or practice on the part of the Monroe County Public Defender's Office.

Defendant cannot be held liable under Section 1983 solely on the basis that one of its employees erred in a manner impinging on Plaintiff's constitutional rights. *See Dodson*, 454 U.S. at 325 ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability."); *see also Welch v. Corecivic Inc.*, No. 17-CV-1516, 2018 WL 5808728, at *1 (M.D. Tenn. Nov. 6, 2018) ("[T]o succeed in a claim against [a governmental entity under Section 1983], [the plaintiff]

must do more than allege misconduct by individual employees or suggest things that could have been done differently or even better."). Instead, Plaintiff must allege that Defendant had "(1) an official policy or custom that (2) cause[d] [him] to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks omitted).

Plaintiff has not done so. In his amended complaint, Plaintiff merely alleges that an assistant public defender misheard him when completing his eligibility paperwork and thereafter conveyed erroneous information to the presiding judge. Even assuming that to be true, he fails to present any allegations that the attorney's actions were performed "pursuant to a [] policy or custom" of the Monroe County Public Defender's Office. *McFadden v. Bradley*, No. 22-CV-74, 2024 WL 2321087, at *4 (W.D.N.Y. May 21, 2024) (errors by members of the Monroe County Public Defender's Office could not support relief against the Public Defender's Office, since there were "no allegations that [their] actions were performed pursuant to a [] policy or custom" of the office); *see also Morris v. Canyn Cnty. Public Defender's Office*, No. 20-CV-62, 2020 WL 1627649, at *3 (D. Idaho Apr. 2, 2020) (defense attorney's errors at preliminary hearing did not create Section 1983 liability for public defender's office, where the complaint did not "give rise to a reasonable inference that the actions of [the attorney] were undertaken pursuant to a policy, practice, or custom of [the public defender's office]"). The same goes for Plaintiff's claim that Defendant should not have assigned an attorney after indictment. *See* ECF No. 17 at 6.

Accordingly, Plaintiff's claims against Defendant must be dismissed. Furthermore, the Court will not grant Plaintiff another opportunity to amend his complaint. Now that Plaintiff has clarified his version of events, it is clear that further amendments would be futile. *See Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013).

## CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss the amended complaint (ECF No. 14) is GRANTED.  The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:  October 1, 2025
       Rochester, New York

                                           HON. FRANK P. GERACI, JR.
                                           United States District Judge
                                           Western District of New York